

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-21-2003

# Lancaster Airport v. Department of Transp

Precedential or Non-Precedential: Non-Precedential

Docket 02-2805

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Lancaster Airport v. Department of Transp" (2003). *2003 Decisions.* Paper 731.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/731

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 02-2805

————————

LANCASTER AIRPORT AUTHORITY,
Petitioner

v.

DEPARTMENT OF TRANSPORTATION
and The Honorable Norman Y. Mineta,
Secretary, Department of Transportation,
Respondent

————————

Petition for Review of an Order of the
Department of Transportation
Issued on April 29, 2002
(Docket No. OST-2002-11450-9)

————————

Argued March 11, 2003
Before:  RENDELL, AMBRO and MAGILL*,  Circuit Judges

(Filed: March 21, 2003)

————————

Christina L. Hausner, Esq.  [ARGUED]
Russell, Krafft & Gruber
930 Red Rose Court
Hempfield Center, Suite 300
Lancaster, PA  17601
    *Counsel for Petitioner*

————————

*The Honorable Frank J. Magill, Senior Circuit Judge for the Eighth Circuit, sitting by
designation.

Dale C. Andrews, Esq.

Peter S. Smith, Esq.     [ARGUED]
Paul M. Geier, Esq.
U.S. Department of Transportation
Office of General Counsel
400 7th Street, S.W.
Room 4102
Washington, DC  20590
    *Counsel for Respondents*

Robert B. Nicholson, Esq.
Steven J. Mintz, Esq.
U.S. Department of Justice
Antitrust Division
601 D Street, N.W.
Room 10535
Patrick Henry Building
Washington, DC  20530
    *Counsel for Respondent Department
    of Transportation*

---

OPINION OF THE COURT

---

RENDELL, Circuit Judge.

Lancaster Airport Authority ("Lancaster") appeals the Department of Transportation's ("DOT") final order denying it an Essential Air Service ("EAS") subsidy and allowing Chautauqua Airlines, Inc. ("Chautauqua") to suspend service to Lancaster. We will affirm.

This appeal arises out of Lancaster's objections to the DOT's Order to Show Cause why it should not allow Chautauqua to suspend service. Chautauqua itself is not a party to the appeal; its ability to suspend service has been brought into issue solely by Lancaster. Lancaster has standing to pursue this appeal pursuant to 49 U.S.C. § 46110(a) as a "person

disclosing a substantial interest" in the order. We have jurisdiction pursuant to § 46110(a) as "the court of appeals of the United States for the circuit in which [Lancaster] resides or has its principal place of business." We must defer to the DOT's interpretation of the statute it is charged with administering if it is "a permissible construction of the statute," Chevron U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837, 843 (1984). We review the DOT's factual findings for substantial evidence, § 46110(c), and its final decision not to award the subsidy for abuse of discretion. 5 U.S.C. § 706(2)(A).

As we write solely for the parties, our recitation of the facts will be brief. On January 31, 2002, as required by 49 U.S.C. § 41734, Chautauqua filed a 90-day notice of its intention to suspend service at Lancaster on May 1, 2002. Chautauqua indicated that it would not suspend service if it received an EAS subsidy. In March 2002, the DOT issued an Order to Show Cause tentatively allowing Chautauqua to suspend service. Lancaster filed objections to the notice, requesting that Chautauqua be prohibited from terminating service and given an EAS subsidy. In April 2002, the DOT issued a Final Order terminating Lancaster's subsidy eligibility and allowing Chautauqua to suspend service. Lancaster appeals.

Under 49 U.S.C. § 41731 et seq., an airport is entitled to an EAS subsidy if it is an "eligible place." An airport is an "eligible place" if it was an "eligible point" before October 1, 1988, received scheduled air transportation after January 1, 1990, and is not listed as ineligible. In its 2000 Appropriations Act, Congress created an exception to the automatic grant of subsidies to eligible places: "Hereafter, notwithstanding 49 U.S.C.

3

41742 [providing funds for EAS subsidies], no essential air service subsidies shall be provided to communities in the 48 contiguous states that are located fewer than 70 highway miles from the nearest large or medium hub airport." P.L. 106-69, Section 332. The next year, Congress passed the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR 21"), P.L. 106-181, including a section slightly backtracking on this exception that stated: "The Secretary *may* provide assistance under [49 U.S.C. 41731] with respect to a place that is located within 70 highway miles of a hub airport . . . if the most commonly used highway route between the place and the hub airport exceeds 70 miles." Id. Section 205 (emphasis added). Taken together, these regulations prohibit the DOT from granting subsidies to airports within 70 highway miles of a large or medium hub airport, but give the DOT discretion to grant a subsidy to an airport that is more than 70 miles from a hub along the most commonly used highway route.

In its final order, the DOT determined that Lancaster was not eligible for an EAS subsidy because 1) under section 332's prohibition, Lancaster was within 70 miles of Philadelphia International Airport ("PHL"), as determined by the Department's Federal Highway Administration measurements; and 2) even if section 205's exception to the prohibition applied and the "most commonly used highway route" to PHL exceeded 70 miles, it was within the Secretary's discretion to deny the subsidy because of the proximity of alternative airports, namely, Baltimore-Washington International Airport (75 miles), and Harrisburg International Airport (30 miles).

Lancaster objects to the DOT's order on two grounds: 1) a lack of substantial

4

evidence and abuse of discretion in refusing to consider the "most commonly used highway route" between Lancaster and PHL; and 2) abuse of discretion in considering Lancaster's proximity to BWI and Harrisburg airport. In essence, Lancaster argues that the DOT should have granted a subsidy because Lancaster is an eligible place under § 41731, and the most commonly used highway route between the airport and a hub airport exceeds 70 miles. Lancaster argues that section 205 is not "merely precatory" and that DOT's interpretation of section 205 as giving it discretion to look at other, unlisted factors in determining whether to grant a subsidy is erroneous.

Lancaster's arguments must fail. First, substantial evidence supports the DOT's finding that, under section 332, Lancaster is not entitled to an EAS subsidy because it is less than 70 highway miles from PHL. On appeal, Lancaster does not dispute this measurement. Second, the DOT's interpretation of section 205 (as giving it discretion to grant a subsidy if the most commonly used highway route between the airport and a hub airport exceeds 70 miles) is a permissible view of section 205's language, which states that "the Secretary *may*" grant a subsidy under those circumstances, but does not compel the subsidy. Our standard of review is limited to determining whether the DOT's interpretation of Section 205 is permissible; it clearly is.

Further, Lancaster's arguments that the DOT's order was an abuse of discretion under section 205 are unavailing. Our review of an administrative agency's determination is extremely deferential, as the agency is best able to take into account the many factors that affect its decisions. Lancaster argues that § 41731(b) limits the DOT from denying

5

subsidies on a basis that is not specifically stated, and that the proximity of other airports is not a stated basis. Lancaster thus contends that the DOT abused its discretion by denying a subsidy based on the proximity of BWI and Harrisburg. However, § 41731(b) does not apply in the way Lancaster urges, as it only limits a finding that a place is not an "eligible place." The DOT does not dispute that Lancaster is an eligible place. Rather, it determined that *notwithstanding* that fact, under section 205, the grant of a subsidy was discretionary, and Lancaster was not entitled to a discretionary subsidy because the Lancaster community was already well-served by airports in the area. In making that determination, the DOT did not abuse its discretion in taking BWI and Harrisburg into account. The proximity of other airports is a relevant and permissible factor that may be examined in determining whether a community is adequately connected to the air transportation system.

Lancaster also cites to the Air Transportation and System Stabilization Act ("ATSSA"), P.L. 107-42, passed in the aftermath of September 11, 2001, and argues that Congress intended to fund EAS subsidies to ensure continued service to small communities such as Lancaster. Section 105 of the ATSSA states: "The Secretary of Transportation should take appropriate action to ensure that all communities that had scheduled air service before September 11, 2001, continue to receive adequate air transportation service and that essential air service to small communities continues without interruption." The DOT did not specifically address the ATSSA in its order because Lancaster did not raise this argument in its objections. As the DOT noted at oral argument, however, the ATSSA is aspirational, not mandatory, and did not strip the DOT of discretion.

6

We conclude that, since Congress clearly intended to leave the final decision regarding EAS subsidies to the Secretary, the DOT is in the best position to prioritize its resources and must consider the interests and needs of disparate communities around the country.  Administrative expertise is the reason we have <u>Chevron</u> deference; it is not our role to second-guess the DOT's discretionary determination.

For the foregoing reasons, we will affirm the DOT's order denying Lancaster an EAS subsidy and allowing Chautauqua Airlines to suspend service.

---

TO THE CLERK OF COURT:

Please file the foregoing opinion.

/s/ Marjorie O. Rendell
Circuit Judge